IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL D. MAHONEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 2:23-cv-1651 ) |
| MICHAEL NORDWALL, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

*Pro se* Plaintiff Michael D. Mahoney filed this action on August 10, 2023 in Allegheny County Magisterial District Court No. 05-2-13, at Docket No. MJ-05213-CV-0000251-2023. ECF 1. On September 15, 2023, Defendant Michael Nordwall properly removed the action to this Court. *Id.*

Mr. Nordwall filed a motion to dismiss on September 22, 2023. ECF 4. The Court ordered briefing, setting October 23, 2023 as Mr. Mahoney's deadline to respond. ECF 6. After Mr. Mahoney failed to respond, the Court ordered him to show cause by November 9, 2023 as to why Mr. Nordwall's motion should not be granted or the case otherwise dismissed for failure to prosecute. ECF 9. Mr. Mahoney responded and appeared to indicate an interest in prosecuting the case, ECF 10, and so the Court ordered him to respond to Mr. Nordwall's motion by December 10, 2023. ECF 11. It is now ten days past that deadline, and Mr. Mahoney never filed a response. As such, the Court sees no reason to further delay this case, and will now consider the motion, based on Mr. Nordwall's brief, and the Court's independent assessment of the complaint and the law.

Mr. Mahoney brings one count for violation of his civil rights against Mr. Nordwall. ECF 1. He alleges "Tormenting, Violent, Violation, of my freedoms, Rights

by Denial + as well; my Civil liberties, Due to property + money held thru this time by all state + federal parties i [sic] demand money to survive at this time in my life until a case is settled + finished the fbi [sic] are correctly aware of + dealing with." *Id.* Mr. Mahoney seeks $12,000 in damages. *Id.*

Under the familiar Rule 12 standard, the Court must accept all factual allegations in the complaint as true. *Murray v. Capio Partners*, No. 23-842, 2023 WL 4956443, at *2 (W.D. Pa. Aug. 3, 2023) (Horan, J.). The plaintiff must plead facts to state a claim for relief that is plausible on its face. *Id.* Even accepting all the factual allegations as true and construing them liberally given Mr. Mahoney's *pro se* status, Mr. Mahoney has failed to state a plausible claim for relief.

Because of the nature of Mr. Mahoney's allegations, which are directed against Mr. Nordwall—who is an FBI agent—Mr. Nordwall construes Mr. Mahoney's claim as a *Bivens* claim. ECF 5. The Court agrees. *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court first implied a private right of action for damages for a deprivation of constitutional rights by federal officers in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Thus, such actions brought directly under the Constitution against federal officials have become known as *Bivens* actions." (cleaned up)). *Bivens* provides a private right of action against a federal official under the Fourth, Fifth, and Eighth Amendments. *Vanderklok*, 868 F.3d at 198. "A person seeking to recover damages under *Bivens* must satisfy three requirements; he must: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief." *Little v. Mottern*, No. 14-953, 2017 WL 934464, at *11 (M.D. Pa. Mar. 7, 2017). The plaintiff must also allege "personal involvement" of the defendant. *Id.* Mr. Mahoney has failed to satisfy any of these requirements.

Mr. Nordwall's name does not appear anywhere in the complaint other than in the caption. ECF 1. Mr. Mahoney does not allege that Mr. Nordwall violated any of his constitutional rights. *Id.* Mr. Mahoney also does not include any allegations that would sufficiently invoke the federal question jurisdiction of this Court. *Id.* Finally, while Mr. Mahoney demands $12,000 in damages, he makes no showing of why this is an appropriate form of relief.

For these reasons, as well as the reasons set forth in Mr. Nordwall's motion, the Court finds that Mr. Mahoney's complaint does not set forth a claim for relief. Ordinarily, the Court would be inclined to grant leave to amend under these circumstances, but the Court concludes that amendment here is futile. *Murray*, 2023 WL 4956443, at *5 (finding amendment futile because the complaint provided no basis to conclude that the plaintiff could sufficiently allege her claim). This is so because of the largely incomprehensible nature of the allegations, and also Mr. Mahoney's failure to oppose the motion to dismiss, despite already being given two chances to do so. So, no leave to amend shall be given, and the Court will dismiss the complaint with prejudice.

*   *   *

Therefore, after careful consideration, it is hereby **ORDERED** that Mr. Nordwall's motion to dismiss (ECF 4) is **GRANTED**. Mr. Mahoney's complaint (ECF 1) is **DISMISSED WITH PREJUDICE.** The Court instructs the Clerk of this Court to terminate this action.

Date: December 20, 2023              BY THE COURT:

                                     /s/ J. Nicholas Ranjan
                                     United States District Judge